IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERBERT C. VICE,

    Petitioner,                    No. CIV S-06-610 RRB KJM P

    vs.

SCOTT KERNAN, et al.,

    Respondents.             FINDINGS AND RECOMMENDATIONS

                              /

           Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the results of a disciplinary hearing held March 11, 2004, and assigned a log number of C-04-01-053.  Respondent has filed a motion to dismiss, arguing that because petitioner did not lose good time credits as the result of the hearing, petitioner has not stated a prima facie claim.

           On March 11, 2004, a hearing was held on a Rules Violation Report, assigned Log No. C-04-01-053, which alleged that on January 21, 2004, petitioner had possessed marijuana.  Petition (Pet.), Ex. E; Motion To Dismiss (MTD), Ex. 1.  Petitioner was found guilty and was "[a]ssessed '0' days loss of credit forfeiture under a Division 'B' Offense, due to classification error. . . . Assessed loss of visiting privileges for one year . . . ; followed by non-contact visiting for two years . . . ."  Id.  The dispositions of petitioner's administrative appeals

1

of the finding also noted that he had not lost any good time credit as the result of the hearing. Pet., Ex. F. However, at an Annual Review by the Unit Classification Committee, held August 16, 2005, the Committee Action section contained the following: "Note RVR dated 1/21/04 for Drug Trafficking, S was found guilty and assessed 120 LOC." Pet., Ex. E at 20; MTD, Ex. 2.

Respondent has submitted two additional documents from petitioner's Central File. The first is a "Legal Status Summary" dated February 28, 2007, which includes an account of the good time credits petitioner has lost. None of the log numbers corresponding to losses of credit (generally only thirty days at a time, with one of ninety days) is C-04-01-053. MTD, Ex. 3. Similarly, petitioner's Chronological History shows a number of losses of credit, but again none bears the log number C-04-01-053. MTD, Ex. 4.

In reply, petitioner again asserts that he lost 120 days of credit after the initial finding that he would not be assessed a credit loss, but he provides no supporting documentation to counter respondent's showing. He also argues that he lost the right to visit his wife and family, punishment that should not have been imposed for the offense.

As respondent observes, a habeas petition is appropriate only when the petitioner's continued confinement violates the federal constitution, whether as a result of a criminal sentencing or of a loss of good time credit that extends the sentence. See Edwards v. Balisock, 520 U.S. 641, 643 (1997); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A challenge to a loss of privileges is not cognizable on federal habeas at all. Lutz v. Hemingway, 476 F.Supp.2d 715, 718 (E.D. Mich. 2007) (loss of mail, telephone and commissary privileges & loss of prison job); Homen v. Hasty, 229 F.Supp.2d 290, 295 (S.D.N.Y. 2002) (loss of visitation, telephone, and commissary privileges). Respondent's motion is therefore well taken.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted.

/////

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  DATED:  December 19, 2007.

_____
U.S. MAGISTRATE JUDGE

2
vice0610.157